UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:23-CR-3 |
| | ) | |
| ISSAC JARREAU STORY | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Issac Jarreau Story's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 68], and the United States' Response in opposition [Doc. 70]. For the reasons herein, the Court will deny Mr. Story's Motion.

### I. BACKGROUND

In July 2023, a superseding indictment was filed, charging Mr. Story with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e). [Superseding Indictment, Doc. 27]. Mr. Story pleaded guilty to that count, pursuant to a Rule 11(c)(1)(C) plea agreement, in April 2024. [Minute Entry, Doc. 41]. At sentencing, he received a total offense level of 31 and a criminal history category of VI, resulting in a guidelines range of 188-235 months. [Presentence Investigation Report, Doc. 50, at 21]. Mr. Story's Rule 11(c)(1)(C) plea agreement provided that both parties believed that a sentence of 188 months would be appropriate, and the Court accepted that sentence. [Statement of Reasons, Doc. 66, at 2]. Mr. Story was sentenced to 188 months' imprisonment and a term of 5 years of supervised release.

Mr. Story now moves the Court to reduce his sentence pursuant to § 3582(c)(2) and

Amendment 829 to the United States Sentencing Guidelines. For the reasons discussed herein, the Court will deny Mr. Story's motion.

## II. ANALYSIS

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. See *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)). First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));[1] *see* U.S. Sent'g Guidelines

Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]"). In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) lowers the defendant's guidelines range. *Id.* § 1B1.10(a)(2)(A)–(B).

### A. Amendment 829

In support of his motion, Mr. Story cites Amendment 829 to the United States Sentencing Guidelines, which clarifies how a Court may consider one's age in sentencing. [Def. Mot., Doc. 68, at 2]. The amendment provides "a downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offense." U.S. SENT'G GUIDELINES MANUAL APP. C, AMEND. 829 (U.S. SENT'G COMM'N 2016). He argues that he is entitled to a reduction in his sentence because Amendment 829 would apply if he were sentenced today, resulting in a lesser guidelines range and therefore sentence. [Def. Mot., Doc. 68, at 4].

The United States responds that Mr. Story is not entitled to a sentence reduction under § 3582(c)(2) and Amendment 829 because the United States Sentencing Commission did not make Amendment 829 retroactive. [U.S. Resp., Doc. 70, at 2]. The Court agrees.

§ 3582(c)(2) requires any reduction in a sentence to be consistent with policy statements provided by the United States Sentencing Commission. The applicable policy statement here is U.S.S.G. § 1B1.10(a)(2)(A), which provides that a reduction in sentence is not consistent with the policy statement if "none of the amendments listed in subsection (d) is applicable to the defendant;". Subsection (d) provides a list of applicable, retroactive amendments, and amendment 829 is not included in that list. Therefore, amendment 829 is not retroactively applicable and a reduction in Mr. Story's sentence based on it would not be consistent with the policy statement.

Because a reduction in Mr. Story's sentence is not consistent with U.S.S.G. § 1B1.10(a)(2)(A), the Court is not authorized to reduce his sentence under § 3582(c)(2).

### III. Conclusion

Because Mr. Story has failed to show that he is entitled to a sentence reduction under § 3582(c)(2), his Motion [Doc. 68] is **DENIED**.

So Ordered.

ENTER:  
                                                     s/ J. RONNIE GREER  
                                                UNITED STATES DISTRICT JUDGE